United States District Court
Western District of Texas
Pecos Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Santiago Cordova-Espinoza,<br>    Defendant. | No. P-20-CR-330-DC |

**UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

I. Introduction

Since the Oyo Hotel Manager was not acting as an agent of the Government when he unlocked the hotel room door, the Defendant's Fourth Amendment Rights were not violated. Thus, the agents' testimony about observing the Defendant in the United States after the hotel room door was opened should not be suppressed.

II. Statement of the Facts and Relevant Procedural History

On the afternoon of June 1, 2020, Homeland Security received information about two suspicious vehicles observed at the Oyo Hotel in Alpine, Texas. The information suggested the two vehicles may have dropped off aliens at an identified hotel room. In response to the information, Homeland Security agents responded to the Oyo Hotel. Homeland Security agents knocked on the hotel room door where the aliens were believed to be located, but no one responded to the knocking. Several agents spoke with the hotel manager. While the agents were still at the Oyo Hotel, the hotel manager opened the hotel room door. After the hotel manager opened the hotel room door, agents observed the Defendant and two other aliens in the hotel room.

After investigation by Homeland Security, the Defendant was turned over to Border Patrol for processing. Using the Defendant's fingerprints, Border Patrol obtained the Defendant's criminal and immigration history. Border Patrol Agents learned the Defendant was removed from the United States on April 22, 2020, after serving sentences for the felony offenses of Distribution of a Controlled Substance and Unlawful Use of a Police Radio. After the Defendant was processed by Border Patrol Agents, he was charged with a violation of 8 U.S.C. § 1326.

Three other individuals, who have not joined in this suppression motion, were charged with violating 8 U.S.C. § 1327 based on the Defendant's presence at the Oyo Hotel and violating 8 U.S.C. §1324 after other aliens were located in a vehicle driven by one of the alien smugglers following traffic stops on two vehicles.

The Defendant acknowledges Fifth Circuit precedent precludes the suppression of the Defendant's identity and evidence obtained from his immigration file. In spite of binding Fifth Circuit precedent on the issue, the Defendant argues his identity and immigration file should be suppressed as the product of an illegal search of the hotel room. Since Fifth Circuit precedent precludes the suppression of an alien's identity and immigration file, this argument is not addressed in this response.

The Defendant also seeks to suppress testimony by the agents about observing or finding the Defendant in the United States after the hotel room door was opened by the hotel manager.

### III.    Argument

**A. The agents' testimony about observing the Defendant at the Oyo Hotel should not be suppressed as the Defendant's Fourth Amendment rights were not violated.**

The Oyo Hotel manager was not acting as an agent of the Government when he opened the hotel room. If a private party wrongfully conducts a search of another's property, the Fourth Amendment is not violated and that private misconduct does not deprive the government of the right to use evidence it has obtained legally. *U.S. v. Blocker*, 104 F.3d 720, 725 (5th Cir. 1997), (citing *U.S. v. Walters*, 447 U.S. 649, 656, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980)). Suppression of evidence obtained by a private party would only be warranted if the private party was acting as a government agent. In *Blocker*, the Fifth Circuit identified the factors to be considered in determining whether a private party acted as a government agent in conducting a search. *Blocker*, 104 F.3d at 725. These factors include: (1) whether the government knew or acquiesced in the intrusive conduct; and (2) whether the private party intended to assist law

enforcement or to further his own ends. *Id*. Where the government offers no form of compensation to the private party, does not initiate the idea that the private party conduct a search, and lacks specific knowledge the private party intends to search, the private party does not act as a government agent when the private party enters another's property. *U.S. v. Bazan*, 807 F.2d 1200, 1204 (5th Cir. 1986). This same analysis has been employed in the context of a search of a hotel room by a hotel room manager. In *U.S. v. Ramirez*, a hotel manager who searched luggage in the defendants' room after the rental period expired was not acting as a government agent where the manager was neither compensated nor instructed by government agents to seize and search personal property and the agents had no specific knowledge the manager would search the property. *U.S. v. Ramirez*, 810 F.2d 1338, 1342 (5th Cir. 1987).

Through testimony at the hearing on the Defendant's Motion to Suppress, the United States will establish that the agents did not know of or acquiesce in the intrusive conduct. The agents did not provide any form of compensation to the hotel manager for opening the hotel room door. While the agents did inquire about the renting of the rooms and the manager's observations, the agents did not ask the manager to open the hotel room door when the occupants of the hotel room did not open the door after agents knocked. When the hotel manager asked one agent about opening the hotel room door, the agent advised the manager the agent would need to speak with his supervisor before taking any further action. This agent then went to confer with his supervisor.

The agents did not know the hotel manager intended to open the hotel room door. While the agents were at the Oyo Hotel when the manager opened the hotel room door, none anticipated the manager would open the door or encouraged him to do so. The agents did not initiate the opening of the hotel room door by the hotel manager. Nor did the agents contrive to create circumstances whereby the manager would open the hotel room door. Before the hotel manager opened the hotel

**United States's Response to Defendant's Motion to Suppress**  3

room door, an agent specifically advised the hotel manager that a search warrant or consent of the hotel guest would be needed because the hotel room guest had a reasonable expectation of privacy in the room. When the hotel manager opened the hotel room door, without prompting from the agents, the agents were pursuing other avenues of investigation and conferring with each other. Since the agents did not know the hotel manager planned to open the hotel room door or acquiesce in the conduct, this factor identified in *U.S. v. Blocker* weighs in favor of finding the hotel manager was not acting as a government agent when he opened the door.

The second factor identified in *U.S. v. Blocker* also supports that the hotel manager was not acting as a government agent by opening the hotel room door. At the time of the writing of this response, the undersigned Assistant United States Attorney has not spoken to the manager of the Oyo Hotel, who was served with a subpoena for the hearing. However, based upon information and belief, the hotel room manager's actions indicate he opened the hotel room door to further his own ends, rather than to assist law enforcement. The fact that the hotel room manager opened the hotel room door after one agent told him the agent would need to consult with his supervisor before taking any further action and another agent told him the door could not be opened without a search warrant or the consent of the hotel room guest confirms that the hotel manager opened the door to further his own ends. This conclusion is further supported by the fact that the hotel room manager opened the door without telling the agents he intended to do so. Since the hotel manager opened the hotel room door to further his own ends, the manager was not acting as a government agent.

As the agents did not know of or acquiesce in the intrusive conduct by the hotel manager, and the manager acted to further his own ends when opening the hotel room door, the hotel room manager was not acting as a government agent. Since the hotel manager was not acting as a government agent when he opened the hotel room door, the Fourth Amendment was not violated.

In the absence of a violation of the Fourth Amendment, there would be no basis for suppressing the agents' testimony about observing the Defendant in the United States after the hotel room door was opened.

## IV.    Conclusion

The Defendant's Fourth Amendment rights were not violated since the hotel manager was not acting as a government agent when he opened the hotel room door.  Thus, the Defendant's motion should be denied.

          Respectfully submitted,

          John F. Bash
         United States Attorney

By:   */s/ Monica R. Morrison*
       Monica R. Morrison
       Assistant United States Attorney
       Idaho Bar No. 7346
       2500 North Highway 118, Suite A-200
       Alpine, Texas  79830
       (432) 837-7332 (phone)
       (432) 837-7449 (fax)
       Monica.Morrison@usdoj.gov

**Certificate of Service**

    I certify that on August 12, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒  The CM/ECF system will send notification to the following CM/ECF participant(s):

    Shane O'Neal (Shane_O'Neal@fd.org)

    */s/ Monica R. Morrison*
    Monica R. Morrison
    Assistant United States Attorney